# EXHIBIT 2

No. 24-2897

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

SHOSH YONAY, an individual, and YUVAL YONAY, an individual,

*Plaintiffs-Appellants*,

v.

PARAMOUNT PICTURES CORPORATION, a Delaware corporation,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
No. 22-CV-03846-PA-GJS
Hon. Percy Anderson

**CORRECTED DECLARATION OF MARC TOBEROFF IN SUPPORT OF
APPELLANTS' MOTION FOR LEAVE TO EXCEED TYPE-VOLUME
LIMIT**

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. #66473)
*alex@kozinski.com*
33 Marguerite Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Appellants*
Shosh and Yuval Yonay

I, Marc Toberoff, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a member of the bar of the State of California and a principal of the law firm Toberoff & Associates, P.C., counsel of record for Plaintiffs Shosh and Yuval Yonay ("Yonays"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would so testify.

2.      I submit this Declaration in support of the Yonays' motion for permission to exceed the type-volume limitations set forth at Circuit Rule 32-1(a) by 2,744 words in their Opening Brief, for a type-volume limit of 16,744 words.

3.      Yonays' counsel has discussed this motion with counsel for Appellee Paramount Pictures Corp. ("Paramount"), who advised that it does not oppose the Yonays' motion~~they do not object to the motion~~. Paramount additionally requested it be known that it does not believe an extension is needed, but defers to the Court's judgment on the matter and asked that any such extension apply equally to the principal briefs of the Yonays and Paramount alike. The Yonays likewise do not oppose Paramount's request.

4.      Yonays' counsel has worked diligently in preparing and working to reduce the size of the Opening Brief and streamline arguments and citations to the record. Despite such diligent efforts, counsel has been unable to compress the brief down to less than 16,744 words and still maintain the integrity of the legal issues

- 1 -

and the extremely detailed review of the facts required by this Court in conducting the objective "extrinsic" analysis of works in a copyright infringement case such as this.

5.    This appeal is multifaceted and complex. It involves multiple claims (i.e., copyright infringement as well as breach of contract) and four separate rulings (i.e., summary judgment as to all claims and on three different *Daubert* motions regarding the parties' respective experts), each of which require in-depth factual and legal analysis. The District Court's Order was not summary, but rather, based on numerous grounds, each of which require additional discussion in Appellants' Opening Brief. This compounded the difficulty of limiting Appellants' Opening Brief to the type-volume limitation set forth in Circuit Rule 32-1(a).

6.    This case involves works from two different media: a literary work, on the one hand, and two derivative feature-length motion pictures, on the other. Two distinct fact-driven legal theories under this Circuit's "extrinsic test" for substantial similarity of the works' elements must be briefed on appeal: (1) a detailed comparison of the "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" between the works, *see, e.g., Metcalf v. Bochco*, 294 F.3d 1069, 1073 (9th Cir. 2002) (analyzing formulation of extrinsic test applied to literary works); and (2) a comparison of the works' "selection and arrangement" of both protected and "otherwise unprotected elements[.]" *Hanagami v. Epic Games,*

- 2 -

*Inc.*, 85 F.4th 931, 943 (9th Cir. 2023). This appeal further extends to the district court's critical evidentiary determinations, including as to three *Daubert* motions concerning three different expert witnesses.

7.      Federal Rule of Appellate Procedure 28(e)'s mandate that references to the record be to the "original document(s)" required lengthy citations to each time-stamped described facet of the films bearing similarities to cited and quoted portions of the literary work, considerably increasing the word count of Appellants' Opening Brief.

8.      On October 23, 2023, the District Court below granted the Parties' Joint Stipulation for an order expanding the word limit for summary judgment briefing (Dkt. 51).

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  September 17~~16~~, 2024                    Respectfully submitted,

**TOBEROFF & ASSOCIATES, P.C.**

By:  */s/ Marc Toberoff*
        Marc Toberoff

*Attorneys for Appellants*

- 3 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17~~16~~, 2024, I electronically filed the
foregoing document with the Clerk for the United States Court of Appeals for the
Ninth Circuit by using the ACMS system. I certify that the document will be
served via ACMS on all parties or their counsel of record.


DATED: September 17~~16~~, 2024              By:  */s/ Marc Toberoff*
                                                    Marc Toberoff

                                            *Attorneys for Appellants*

- 4 -