# EXHIBIT 3

No. 24-2897
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

SHOSH YONAY, an individual, and YUVAL YONAY, an individual,

*Plaintiffs-Appellants*,

v.

PARAMOUNT PICTURES CORPORATION, a Delaware corporation,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California
No. 22-CV-03846-PA-GJS
Hon. Percy Anderson

_____

## CORRECTED MOTION OF APPELLANTS FOR LEAVE TO EXCEED TYPE-VOLUME LIMIT
_____

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. #66473)
*alex@kozinski.com*
33 Marguerite Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Appellants*
Shosh and Yuval Yonay

Pursuant to Circuit Rule 32-2(a), Appellants Shosh Yonay and Yuval Yonay ("Yonays") respectfully move this Court for permission to exceed the type-volume limitations set forth at Circuit Rule 32-1(a) by 2,744 words in their Opening Brief, for a type-volume limit of 16,744 words. The Yonays provide the attached Corrected Declaration of counsel, Marc Toberoff, in Support of the instant Motion for Leave to Exceed Type-Volume Limit ("Decl."), setting forth in detail the reasons for this request, which are summarized below. In accordance with Circuit Rule 32-2, the Yonays file herewith a copy of the brief that they propose to file, which includes a Circuit Rule 32-1 Form 8 certification as to the word count. Yonays' counsel inquired with counsel for Appellee Paramount Pictures Corp. concerning their position on this motion, who advised that it does not oppose the Yonays' motion. Decl. ¶ 3. Paramount additionally requests it be known that it does not believe an extension is needed, but defers to the Court's judgment on the matter and asks that any such extension apply equally to the principal briefs of the Yonays and Paramount alike. *Id*. The Yonays likewise do not oppose Paramount's request. *Id.*

Ordinarily, opening briefs are limited to 14,000 words. 9th Cir. R. 32-1(a). A motion to exceed applicable type-volume limitations will be granted upon a showing of "diligence and extraordinary and compelling need." *Id*. "To satisfy this

standard, counsel must show that the additional space is justified by something unusual about the issues presented, the record, the applicable caselaw or some other aspect of the brief." *United States v. Molina-Tarazon*, 285 F.3d 807, 808 (9th Cir. 2002) (denying motion for overlength petition that "raises a single issue, based on a straightforward and compact factual record" and "a manageable handful of cases"). As set forth herein and in the attached Declaration, this standard is satisfied in this case and the Yonays should be granted leave to file their Opening Brief that reasonably exceeds the standard word limit:

Yonays' counsel has worked diligently in preparing and working to reduce the size of the brief and streamline arguments and citations to the record. Decl. ¶ 4. Despite diligent efforts, Yonays' counsel has been unable to compress the brief down to less than 16,744 words and still maintain the integrity of the legal issues and the explanation and analysis of the facts. *Id*.

This appeal is multifaceted and complex. It involves multiple claims (i.e., copyright infringement as well as breach of contract) and four separate rulings (i.e., summary judgment as to all claims and rulings on three different *Daubert* motions regarding the parties' respective experts), each of which require in-depth factual and legal analysis. The District Court's Order was not summary, but rather, based on numerous grounds, each of which require additional discussion in the Yonays'

Opening Brief. This compounds the exceeding difficulty of limiting argument on this appeal to the type-volume limitation set forth in Circuit Rule 32-1(a). *Id.* ¶ 5.

Compounding the copyright infringement analysis, the case involve works from two distinct media, a literary work, on the one hand, and two derivative feature-length motion pictures, on the other. Further, two distinct fact-driven legal theories under this Circuit's "extrinsic test" for substantial similarity of the works' elements must be briefed on appeal: (1) a detailed comparison of the "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" between the works, *see, e.g., Metcalf v. Bochco*, 294 F.3d 1069, 1073 (9th Cir. 2002) (analyzing formulation of extrinsic test applied to literary works); and (2) a comparison of the works' "selection and arrangement" of both protected and "otherwise unprotected elements[.]" *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 943 (9th Cir. 2023). This Court has recognized that "[d]eterminations of substantial similarity of expression are subtle and complex[,]" *Baxter v. MCA, Inc.*, 812 F.2d 421, 424 (9th Cir. 1987), and that the inquiry is quite "fact-driven and context-dependent[.]" *Hanagami*, 85 F.4th at 943. To add to this complexity, the appeal extends to the district court's critical evidentiary determinations, including as to three *Daubert* motions concerning three different expert witnesses. Decl. ¶ 6.

On the breach of contract cause of action, the Yonays must provide excerpts and analysis of the at-issue provisions as well as citations to cases which bear on

- 3 -

their construction. *See* Proposed Br. §V. Separate and apart from this, the Yonays endeavor to show that the District Court erred in finding that "[t]he parties' Motions and briefing d[id] not provide sufficient argument [as to the preferred construction put forth by the Yonays]." *Id.*; 1-ER-15 n.5.

The record is itself voluminous, consisting of three volumes of excerpts (totaling 573 pages) and two full-length feature films. The Brief attached hereto contains extensive citation to the excerpts which require explanation to assist the Court. Pursuant to Federal Rule of Appellate Procedure 28(e), references to the record must be to the "original document(s)" thus requiring lengthy citations to <u>each</u> *time-stamped* facet of the films bearing similarities to cited and quoted portions of the literary work, thereby greatly increasing the word count of the Yonays' Opening Brief. Decl. ¶ 7. Without sufficient space in the brief for explanatory discussion as to the significance of these citations to the record, the Yonays will not be able to fully present their positions in the specific detailed manner required by the objective "extrinsic analysis" of copyright infringement mandated by this Court. *See Shaw v. Lindheim*, 919 F.2d 1353, 1356-64 (9th Cir. 1990).

The Yonays believe that the additional words in the attached brief will assist the Court in deciding the numerous factual, legal, and evidentiary issues raised by this appeal. Without that analysis the Yonays will not be able to adequately present

- 4 -

these issues. Indeed, the District Court below recognized this when it granted (Dkt. 51) the Parties' Joint Stipulation for an order expanding the word limit for summary judgment. *Id.* ¶ 8. In numerous similarly (or less) complex copyright cases analyzing "substantial similarity" under this Court's multi-faceted "extrinsic test" the appellants have requested—and this Court has allowed—the filing of oversized opening briefs. *See, e.g., Jon Astor-White v. Daniel Strong*, No. 19-55735 (9th Cir. Jan. 13, 2020), Dkt. 27; *WB Music Corp. v. Stolz*, No. 18-55835 (9th Cir. Mar. 21, 2019), Dkt. 24.[1]

The Yonays therefore respectfully submit that a modest enlargement of the word limit for their Opening Brief will enable a more comprehensive overview of the issues presented without materially increasing the overall volume of briefing.

DATED: September 17, 2024           Respectfully submitted,

**TOBEROFF & ASSOCIATES, P.C.**

By: */s/ Marc Toberoff*
     Marc Toberoff

*Attorneys for Appellants*

---

[1] *See also, e.g., Perfect 10, Inc. v. Giganews, Inc.*, No. 15-55500 (9th Cir. Dec. 16, 2015), Dkt. 26; *Corbello v. DeVito*, No. 12-16733 (9th Cir. May 6, 2013), Dkt. 29; *Cheffins v. Stewart*, No. 12-16913 (9th Cir. Feb. 4, 2013), Dkt. 22; *Gilbert v. New Line Prods., Inc.*, No. 10-56458 (9th Cir. June 8, 2011), Dkt. 19; *Wyatt Tech. Corp. v. Malvern Instruments Inc.*, No. 10-55343 (9th Cir. Oct. 12, 2010), Dkt. 21; *Kesey, LLC v. Francis*, No. 10-35084 (9th Cir. Aug. 4, 2010), Dkt. 22.

## **CERTIFICATE OF COMPLIANCE**

This Motion complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 1,247 words. This Motion further complies with the typeface requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using the Microsoft Word in 14-point Times New Roman font.

DATED: September 17, 2024     By:  */s/ Marc Toberoff*
                                    Marc Toberoff

                                    *Attorneys for Appellants*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 17, 2024, I electronically filed the foregoing document with the Clerk for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that the document will be served via ACMS on all parties or their counsel of record.

DATED: September 17, 2024      By: */s/ Marc Toberoff*
                                                    Marc Toberoff

                                          *Attorneys for Appellants*

- 7 -